

James A. Keller
Phone: (215) 972-1964
Fax: (215) 972-4152
James.Keller@saul.com
www.saul.com

July 26, 2024

**VIA ECF**
Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ  09608

      RE:    *John Doe v. The Trustees of Princeton University*, No. 3:24-cv-07125-ZNQ-TJB

Dear Judge Quraishi:

Saul Ewing LLP represents Defendant The Trustees of Princeton University (the "University") in the above-captioned matter. Per Your Honor's Rules and Procedures, the University respectfully requests a pre-motion conference in advance of filing its anticipated motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### A.    Background and Procedural History

This lawsuit arises from a 2023 student disciplinary proceeding in which the University investigated and adjudicated a misconduct complaint against Plaintiff John Doe ("Doe") pursuant to the University's *Rights, Rules, and Responsibilities* policy (the "RRR"). The complaint was filed by two individuals alleging that Doe choked each of them on separate occasions. (Compl. ¶ 90). In accordance with the RRR, the Faculty-Student Committee on Discipline (the "Committee"), appointed an investigator to conduct extensive information gathering that lasted eight weeks. (*Id*. ¶¶ 83, 87). The Committee then scheduled a disciplinary hearing, and in advance of that hearing, provided Doe with all information before the Committee. (*Id*. ¶ 91). Following a four-hour hearing, the Committee found Doe responsible for violating the RRR's policies pertaining to personal safety and alcohol use, and suspended him for two years. (*Id*. ¶¶ 1, 16, 129, 159). Doe appealed the outcome. (*Id*. ¶¶ 176, 179, 184). The appellate panel, after receiving clarifications from Doe, upheld the outcome. (*Id*.). In a further attempt to reverse the University's decision, Doe filed this lawsuit. The University intends to move to dismiss Doe's Complaint.[1]

### B.    Doe Fails to State a Breach of Contract Claim Against the University

Doe alleges that the University breached its "contract" by not following the RRR in investigating and resolving the charges against him. The Third Circuit has held that New Jersey law requires a plaintiff-student to show "the institution violate[d] in some substantial way its rules and regulations." *Doe v. Princeton Univ.*, 790 F. App'x 379, 385 (3d Cir. 2019) (quotation omitted);

---

[1] To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As discussed below, Doe's Complaint cannot meet the plausibility standard required by *Iqbal*. *Id.*

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

July 26, 2024
Page 2

*see also Doe v. Princeton Univ. ("Princeton III")*, 30 F.4th 335, 345–46 (3d Cir. 2022) (discussing the RRR and holding, "New Jersey law requires at least that the school follow its own established procedures and that those procedures be fundamentally fair.") 30 F.4th at 346. (quotation omitted). A plaintiff "may not prevail where the evidence is closely balanced or inconclusive." *Id.* at 347.

The allegations of Doe's own Complaint demonstrate that the University followed its own established procedures. The RRR requires the University to (1) "investigate alleged infractions," (2) resolve charges through the Committee at a hearing, and (3) apply the "clear and persuasive evidence" standard. (Compl. ¶¶ 28, 214, 200, 204). Here, the University conducted an extensive investigation, which included (1) interviewing Doe, (2) interviewing both complainants, (3) interviewing five witnesses, and (4) collecting information, including numerous text messages, and two written statements from Doe. (*Id.* ¶¶ 44, 52, 53, 103, 89, 97, 123, 127, 147). The Committee then adjudicated the charges against Doe at a hearing. (*Id.* ¶¶ 1, 16, 129, 159). Finally, the Committee applied the "clear and persuasive evidence" standard after examining all of the information before it, and conducting a thorough hearing. (*Id.*).

To support his claim that the Committee failed to apply the "clear and persuasive evidence" standard, Doe alleges that he was precluded from submitting additional, previously undisclosed text messages ***during*** the hearing. As Doe acknowledges, however, he was allowed to submit text messages ***prior*** to the hearing, during the factfinding investigation. His attempt to submit new text messages at the hearing: (a) was contrary to the RRR; and (b) did not somehow negate the Committee's plain application of the "clear and persuasive" standard. (*Id.* ¶¶ 44, 123, 127, 147).

The RRR also states that "any person with information about the matter before the committee may be requested to appear by the student . . . subject to reasonable limits agreed on by the committee." (*Id.* ¶ 29). Doe alleges that the University failed to follow this guideline because the Committee refused to compel a single witness, Student X, to appear at the hearing (*Id.* ¶ 4). Doe himself acknowledges that Student X had **no** knowledge of the incidents being adjudicated. (*Id.* ¶¶ 144, 206). The refusal of the Committee to mandate testimony from a student witness with no knowledge of the incidents at issue is consistent with the RRR's requirement that those persons "with information about the matter" may testify. (*Id.* ¶ 29).

In sum, the facts alleged by Doe do not plausibly indicate that the University substantially violated the RRR's terms in conducting its disciplinary process, but instead, actually confirm that the University "follow[ed] its own established procedures." *Princeton III*, 30 F.4th at 346. Doe's contract claim should be dismissed.

**C.     Doe Fails to State a Breach of Good Faith and Fair Dealing Claim**
Every contract in New Jersey "contains an implied covenant of good faith and fair dealing." *Wade v. Kessler Inst.*, 778 A.2d 580, 584 (N.J. Super. Ct. App. Div. 2001), aff'd as modified, 798 A.2d 1251 (N.J. 2002); *Sons of Thunder, Inc. v. Borden*, 690 A.2d 575, 587 (N.J. 1997) (same). While there is no universally-accepted test for establishing a breach of the duty of good faith and fair dealing, "two elements appear to recur with some frequency: (1) the defendant acts in bad faith or with a malicious motive, (2) to deny the plaintiff some benefit of the bargain originally intended by the parties, even if that benefit was not an express provision of the contract." *Yapak, LLC v. Massachusetts Bay Ins. Co.*, No. CIV. 3:09-CV-3370, 2009 WL 3366464, at *2 (D.N.J. Oct. 16,

July 26, 2024
Page 3

2009). Further, a plaintiff "must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 225 (2005) (quotation omitted).

Doe's allegations do not plausibly indicate that the University acted in bad faith. Doe's own Complaint details the extensive investigation conducted by the University, the amount of information reviewed, and the lengthy hearing held by the Committee. (Compl. ¶¶ 44, 52, 53, 103, 89, 97, 123, 127, 147). New Jersey law is clear that bad faith allegations "should not be permitted to be advanced in the abstract and absent an improper motive." *Wade*, 798 A.2d at 1260. Simply put, Doe has put forth ***no*** evidence that rises to the level of malice on the University's behalf. The Court should dismiss Count II. *See Wysocki v. Wardlaw-Hartridge Sch.*, No. 21-cv-14132, 2022 WL 2168212, at *3 (D.N.J. June 16, 2022) (dismissing claim where "[t]he Court cannot discern coherent factual allegations supporting Plaintiffs' bare assertion that [the defendant school] violated and breached the implied covenant of good faith and fair dealing").

**D.      Doe Fails to State a Title IX Claim Against the University**

Doe also alleges that the University discriminated against him on the basis of sex in violation of Title IX when it investigated and found him responsible for violations of the RRR's personal safety provision.[2] (Compl. ¶ 90). To state a Title IX claim, Doe must allege facts supporting a plausible inference that the University discriminated against him on the basis of sex, and that sex was "a motivating factor in the decision to discipline." *Doe v. Princeton Univ.*, No. CV225887RKDEA, 2023 WL 8755232, at *6 (D.N.J. Dec. 19, 2023) (quoting *Doe v. Univ. of Scis.*, 961 F.3d 203, 209 (3d Cir. 2020)).[3] However, Doe's own Complaint confirms that the University's decision was based on compelling evidence, not Doe's sex. For example, Doe acknowledged his responsibility (1) in a text message where he stated, "it's probably that it hasn't fully soaked in yet cause I haven't processed what I must have done last night." (Compl. ¶ 75), and (2) in a phone call to his parents where Doe admitted that he "damaged her windpipe ever so slightly." (*Id*. ¶ 78). Further, Doe's Complaint also acknowledges that a neutral witness at the hearing corroborated key facts, testifying that one of the impacted individuals "had a raspy voice when he saw her after the incident." (*Id*. ¶ 148). Doe's allegations are conclusory or otherwise belied by other allegations in the Complaint, and do not plausibly suggest that gender bias was a motivating factor in Doe's outcome. The allegations are insufficient to state a claim under Title IX.

**E.      Doe Fails to State a Gross Negligence Claim Against the University**

Under New Jersey Law, the economic loss doctrine serves to maintain the distinction between contract and tort. "[A] dispute [that] clearly arises out of and relates to [a] contract and its breach should be resolved pursuant to contract law rather than tort law." *Wasserstein v. Kovatch*, 261 N.J. Super. 277, 286, 618 A.2d 886 (App. Div. 1993). It is well-settled New Jersey law that "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002). New

---

[2] Doe was not investigated for alleged violations of the University's Title IX Sexual Harassment Policy, nor its Sexual Misconduct Policy. He was investigated for student conduct violations.

[3] This case differs from *Doe v. Princeton Univ.*, No. CV197853ZNQTJB, 2023 WL 1778832, at *8 (D.N.J. Feb. 6, 2023), previously before your Honor, as there are no selective enforcement allegations, and the disparate treatment allegations are belied by the evidence relied upon in Doe's own complaint.

July 26, 2024
Page 4

Jersey courts have held that universities owe no duty of care to students when carrying out disciplinary procedures. *Donohue v. Capella Univ., LLC*, No. CV 22-5634, 2023 WL 5425503, at *7 (D.N.J. Aug. 22, 2023) (holding that there is no "authority indicating that a private university or its employees owe a certain duty of care to its students under New Jersey law when carrying out disciplinary procedures."); *Doe*, 2023 WL 8755232, at *13 ("Because the University owes Plaintiff no duty of care under New Jersey law, his gross negligence claim must fail."). As a matter of law, Doe's gross negligence claim fails and must be dismissed.

### F.    Conclusion

For the foregoing reasons, Doe's Complaint should be dismissed in its entirety. Per the Court's procedures, the University respectfully requests a pre-motion conference to resolve these issues.

Respectfully submitted,

James A. Keller