

December 5, 2024

**VIA ECF**
The Honorable Tonianne J. Bongiovanni
U.S. Magistrate Judge
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re: John Doe v. The Trustees of Princeton University,**
> **Civil Case No. 3:24-cv-07125-ZNQ-TJB**
> **Request for Initial Pretrial Conference**

Dear Judge Bongiovanni,

Plaintiff, John Doe, submits this letter request in lieu of a more formal motion to respectfully request that the Court schedule an initial Rule 16 pretrial conference so the parties can move forward with discovery in this case. Plaintiff has conferred with counsel for the defendant, the Trustees of Princeton University ("Princeton"), who has relayed that Princeton opposes a pretrial conference while its motion to dismiss is pending.

By way of background, the Complaint in this case brings claims for breach of contract, negligence, and gender-based discrimination. The claims arise from Princeton suspending Plaintiff after he was accused of choking on separate occasions two women who were friends with each other. As highlighted in the Complaint, the process by which Princeton arrived at Plaintiff's suspension was problematic for a host of reasons, including overlooking significant credibility issues involving the complainants and—as depicted in the photograph in the Complaint—a disciplinary officer falling asleep during the hearing that ultimately has changed Plaintiff's life. Princeton was served with the Complaint in this case on June 21, 2024 and filed a motion to dismiss on September 13, 2024. Princeton's motion rests on arguments that the 76-page Complaint insufficiently states a claim for relief.

The allegations that led to Plaintiff's suspension were made in 2023. Plaintiff is eager to commence discovery and proceed forward with this case as quickly as possible to clear his disciplinary record before his career trajectory is irreparably damaged. The longer Plaintiff must wait for discovery to commence, the more of a tactical advantage Princeton will get as witnesses' memories will fade. *See generally Udeen v. Subaru of America, Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) (permitting discovery to move forward notwithstanding pending motion to dismiss and recognizing that "the longer the case languishes the greater chance exists that relevant evidence may be lost or destroyed"). And, "[g]enerally, the filing of a dispositive motion does not constitute 'good cause' under Rule 26(c) to stay discovery." *Morgan v. Quest Diagnostics Inc.*, 2020 WL 7183503, at *1 (D.N.J. June 8, 2020) (citing *Gerald Chamales Corp. v. Oki Data*

*Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007)). That is especially true here, where Princeton's arguments in its motion do not involve issues of standing, statutory authority, or jurisdiction.

Plaintiff is especially eager to depose complainant Jane Roe. His Complaint already details how Jane Roe changed her accuasations several times, did not bother to show up to the disciplinary hearing, and previously falsely accused another male college student of choking her. But now, Plaintiff has learned that Jane Roe—under penalty of perjury—has retracted her allegation against the other male student and *admitted* that, in fact, he had not actually choked her or been physically violent with her in *any* way. Proceeding with discovery, including Jane Roe's deposition, could likely lead to a quick and efficient resolution of this case and allow Plaintiff to proceed forward down his educational path without further delay.

Accordingly, we respectfully request that the Court schedule an initial pretrial conference so that discovery may proceed forward.

        Respectfully submitted,

        FORD O'BRIEN LANDY LLP

        *s/ Jamie Hoxie Solano*
        Jamie H. Solano
        Bryan McCracken
        275 Madison Avenue, 24th Floor
        New York, NY 10016
        (212) 858-0040
        jsolano@fordobrien.com
        bmccracken@fordobrien.com

        DILLON PLLC
        Justin Dillon (pro hac vice)
        Chris Muha (pro hac vice)
        Kimberly Blasey (pro hac vice)
        DILLON PLLC
        1717 K Street, Suite 900
        Washington, DC 20006
        T: (202) 787-5858