**SAUL EWING LLP**
James Keller, Esq. (NJ Bar ID No. 020991996)
Amy L. Piccola, Esq. (NJ Bar ID No. 012682008)
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
(215) 972-1964 (Keller) / (215) 972-8405 (Piccola)
Email: James.Keller@saul.com / Amy.Piccola@saul.com
*Attorneys for Defendant the Trustees of Princeton University*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>Defendant. | Case No. 24-CV-7125<br><br>**DEFENDANT TRUSTEES OF PRINCETON UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF JOHN DOE'S COMPLAINT** |

Defendant Trustees of Princeton University (the "University"), by and through its undersigned counsel, hereby answers and submits affirmative defenses to the Complaint of Plaintiff John Doe, as follows below. At the outset, the University notes that it has included the headings from Plaintiff's Complaint in this Answer. To the extent the headings in Plaintiff's Complaint are deemed to be factual averments, their contents are denied.

## INTRODUCTION

1. It is admitted only that in 2023 Plaintiff was found responsible for violating a University code of conduct when he choked Jane Roe and Sarah Smith on two different occasions and that Doe was suspended for two academic years as a result. All other averments of this paragraph are denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**PARTIES**

18. Admitted that Plaintiff matriculated at Princeton in September 2022. All other averments of this paragraph are admitted upon information and belief.

19. Admitted.

## JURISDICTION AND VENUE

20. The averments of this paragraph contain conclusions of law to which no response is required. To the extent a response is deemed necessary, it is admitted only that Plaintiff has asserted a claim under federal law; any remaining allegations are denied.

21. The averments of this paragraph contain conclusions of law to which no response is required.

22. The averments of this paragraph contain conclusions of law to which no response is required.

## STATEMENT OF FACTS

### I. Princeton's Code of Conduct: "Rights, Rules & Responsibilities"

#### A. The Contractual Relationship Between Mr. Doe and the University

23. The averments of this paragraph contain conclusions of law to which no response is required.

24. The averments of this paragraph contain conclusions of law to which no response is required.

25. Admitted.

26. The averments of this paragraph contain conclusions of law to which no response is required.

27. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

28. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

29. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

30. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

31. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

32. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

## II. Disciplinary Bias at Princeton

33. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

34. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

35. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

36. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

37. Denied.

38. Denied. It is specifically denied that the University favors or disfavors any individual or group of individuals in the context of its Title IX processes. By way of further response, the University takes seriously its obligations under federal and state law, including Title IX, and appropriately responds to all reports of sexual misconduct, harassment, sex-based discrimination, and other misconduct in a neutral and equitable manner in accordance with those obligations and University policies.

39. The averments of this paragraph concern actions and statements of the federal government and do not pertain to the University or its conduct. To the extent a response is required,

the University lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

40. The averments of this paragraph concern actions and statements of the federal government and do not pertain to the University or its conduct. To the extent a response is required, the University lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

41. The averments of this paragraph concern actions and statements of the federal government and do not pertain to the University or its conduct. To the extent a response is required, the University lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

42. Admitted that the University was subject to an OCR investigation. The remaining averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

43. Denied.

44. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

45. Admitted that a letter from the U.S. Department of Education's Office for Civil Rights was sent to the University in August 2016 and that the letter opened an investigation. The letter speaks for itself, and the University denies Plaintiff's characterization of its contents.

46. Denied.

47. Denied.

48. The averments of this paragraph concern actions and statements of the federal government and do not pertain to the University or its conduct. To the extent a response is required,

the University lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

49. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

50. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

51. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

52. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

53. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

54. Denied.

55. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

56. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

57. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

58. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

59. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

60. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

61. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

62. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

63. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

64. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

65. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

66. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

67. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

68. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

69. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

70. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

71. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

72. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

73. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

74. The averments of this paragraph refer to a written document, the contents of which speak for themselves and any characterization thereof is denied.

75. Denied.

## III. <u>Jane's Manipulative Relationship With John</u>

76. The averments of this paragraph do not pertain to the University. The University therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

77. Denied.

78. The averments of this paragraph purport to quote from text messages that are not attached to the Complaint. The text messages speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those messages.

79. The averments of this paragraph purport to quote from text messages that are not attached to the Complaint. The text messages speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those messages.

80. The averments of this paragraph purport to quote from text messages that are not attached to the Complaint. The text messages speak for themselves, and the University denies

Plaintiff's characterization thereof and any allegations inconsistent with the contents of those messages.

81. The averments of this paragraph purport to quote from text messages that are not attached to the Complaint. The text messages speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those messages.

82. The averments of this paragraph purport to quote from text messages that are not attached to the Complaint. The text messages speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those messages.

83. The averments of this paragraph refer to social media posts that are not attached to the Complaint. The social media posts speak for themselves, and the University denies Plaintiff's characterization thereof.

84. The averments of this paragraph do not pertain to the University. The University therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

85. The averments of this paragraph do not pertain to the University. The University therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent this paragraph purports to quote from or characterize the contents of text messages, the documents speak for themselves, and any characterization thereof is denied.

86. The averments of this paragraph purport to quote from text messages that are not attached to the Complaint. The text messages speak for themselves, and the University denies

Plaintiff's characterization thereof and any allegations inconsistent with the contents of those messages.

87. The averments of this paragraph do not pertain to the University. The University therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

## IV. The "Incidents" as They Actually Happened

### A. The Incident with Sarah on March 3,2023

88. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them

89. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

90. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. The averments of this paragraph purport to quote from a document that is not attached to the Complaint. To the extent this paragraph purports to quote from or characterize the contents of a document, the contents of which speak for themselves, and any characterization thereof is denied.

91. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent this paragraph purports to quote from or characterize the contents of a document, the contents of which speak for themselves, and any characterization thereof is denied.

92. The allegations in this and the preceding Paragraphs purport to refer to evidence or testimony presented during the University's disciplinary process. Those records speak for themselves and any characterization thereof is denied.

**B. <u>The Incident With Jane on April 1-2, 2023</u>**

93. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

94. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

95. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

96. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

97. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

98. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

99. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

100. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

101. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

102. The allegations in the preceding Paragraphs purport to refer to evidence or testimony presented during the University's disciplinary process. Those records speak for themselves and any characterization thereof is denied.

103. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

104. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent this paragraph purports to quote from or characterize the contents of text messages, the documents speak for themselves, and any characterization thereof is denied.

105. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

106. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

**V. John's Texts With Jane in the Following Weeks**

107. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

108. The averments of this paragraph purport to quote from a document that is not attached to the Complaint. To the extent this paragraph purports to quote from or characterize the contents of text messages, the contents of which speak for themselves, and any characterization thereof is denied.

109. The averments of this paragraph purport to quote from a document that is not attached to the Complaint. To the extent this paragraph purports to quote from or characterize the contents of text messages, the contents of which speak for themselves, and any characterization thereof is denied.

110. The averments of this paragraph purport to quote from a document that is not attached to the Complaint. To the extent this paragraph purports to quote from or characterize the contents of text messages, the contents of which speak for themselves, and any characterization thereof is denied.

111. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. To the extent this paragraph purports to quote from or characterize the contents of a recording, the contents speak for themselves, and any characterization thereof is denied.

112. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

113. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. By way of further answer, to the extent this paragraph purports to characterize the contents of documents, the contents of which speak for themselves, and any characterization thereof is denied.

## VI. <u>The Incidents are Reported and Investigated</u>

114. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

115. Admitted only that the University received a report from Jane Doe on September 12, 2023. All other averments of this paragraph are denied.

### A. <u>Evidence Collection</u>

116. Admitted only that Ms. Sandman sent an email to Plaintiff on September 26, 2023 and that Ms. Sandman and Plaintiff agreed to schedule his interview for September 29. All other averments of this paragraph purport to characterize written documents which speak for themselves; those allegations are denied.

117. Admitted only that Plaintiff participated in an interview on September 29 during which the investigator shared information related to the allegations against him. The University is without information sufficient to form a belief as to Plaintiff's efforts to respond to questions and therefore denies the allegations related to same.

118. Admitted.

119. Admitted only that Plaintiff sent Ms. Sandman an email on October 7, 2023. All other averments of this paragraph purport to characterize written documents which speak for themselves; those allegations are denied.

120. Admitted only that Deputy Dean Chen emailed Plaintiff on October 23, 2023 and that the hearing before the Committee on Discipline was scheduled for October 27. All characterizations of the email and the requirements of the University's procedures are denied.

121. Admitted.

122. Admitted only that Dean Chen sent Plaintiff an email on October 25 responding to his requests and attaching an evidence packet. To the extent the averments of this paragraph purport to characterize the email, evidence, or other written documents, such characterizations are denied.

123. The averments of this paragraph purport to quote from a document that is not attached to the Complaint. To the extent this paragraph purports to quote from or characterize the contents of documents, the contents of which speak for themselves, and any characterization thereof is denied.

124. The University lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's mindset, decision-making, and the timing thereof and, on that basis, denies them.

125. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

126. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

127. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

128. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

129. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

130. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

131. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

132. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

133. The averments of this paragraph refer to written documents and communications, the contents of which speak for themselves and any characterization thereof is denied.

**B. The Evidence Packet**

134. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

135. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

136. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

137. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

138. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

139. Denied.

140. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

141. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

142. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

143. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

144. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

145. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

**C. The Evidence Overwhelmingly Undermines Jane's Allegations**

146. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

147. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

148. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

149. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

150. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

151. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

152. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

153. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

154. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

155. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

156. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

157. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

**D. The Evidence Also Undermines Sarah's Claims**

158. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

159. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

160. The averments of this paragraph refer to written documents, the contents of which speak for themselves and any characterization thereof is denied.

161. Denied.

**VII. <u>The Hearing</u>**

162. Admitted only that the COD hearing began on November 6, 2023 at 7:27 pm, that during the hearing the COD heard evidence related to both Roe's and Smith's allegations against Plaintiff, and that Roe did not attend the hearing. All remaining averments and characterizations in this paragraph are denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

171. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

172. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

173. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

174. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

175. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

176. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

177. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

178. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies

Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

179. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

180. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

181. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

182. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

183. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

184. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

185. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

186. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

187. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

188. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

189. Denied.

190. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies

Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

191. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

192. Denied.

193. Admitted.

**VIII. <u>The Panel's Decision and Sanction</u>**

194. Admitted.

195. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

196. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

197. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

198. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies

Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

199. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

200. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

201. Denied.

202. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

203. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

204. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

205. Denied.

**IX. The Appeal**

206. Admitted.

207. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

208. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

209. Admitted only that Plaintiff submitted an appeal raising various arguments. The remaining averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

210. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

211. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

212. Admitted.

213. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

214. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

215. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

216. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

217. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

218. The averments of this paragraph purport to quote from documents that are not attached to the Complaint. The documents speak for themselves, and the University denies

Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

219. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

220. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

221. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

222. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

223. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

224. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

225. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

226. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

227. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

228. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

229. Denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for

themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

**CAUSES OF ACTION**

**Count I - Breach of Contract**

230. The answers to all preceding paragraphs are incorporated by reference.

231. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied. By way of further denial, the averments of this paragraph purport to characterize documents that are not attached to the Complaint; the documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

232. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

**A. Failure to Apply the "Clear and Persuasive" Evidence Standard**

233. Admitted only that the Code states the referenced quote. The remaining averments of this paragraph purport to characterize a document that speaks for itself, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of that document.

234. Denied.

235. Denied.

236. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

237. Denied.

**B. Denial of Mr. Doe's Appeal**

238. The averments of this paragraph purport to characterize a document that speaks for itself, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of that document.

239. Denied.

240. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

241. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

**Count II - Breach of the Covenant of Good Faith and Fair Dealing**

242. Answers to all preceding paragraphs are incorporated by reference.

243. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

244. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

245. Denied.

**A. Failure to Conduct a Fair Investigation**

246. Denied.

**B. Failure to Conduct a Fair Hearing**

247. Admitted only that the Code includes the referenced quote. All other averments of this paragraph are denied.

### C. Failure to Provide a Meaningful Rationale

248. The averments of this paragraph purport to characterize documents that are not attached to the Complaint. The documents speak for themselves, and the University denies Plaintiff's characterization thereof and any allegations inconsistent with the contents of those documents.

249. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

250. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

251. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

### Count III - Violation of Title IX (20 U.S.C. § 1681)

252. Answers to all preceding paragraphs are incorporated by reference.

253. Admitted only that the University receives federal funding. The remaining averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

254. The averments of this paragraph purport to interpret a federal law and, as such, no response is required.

255. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.

256. Denied.

257. The averments of this paragraph contain conclusions of law to which no response is required; to the extent that the averments are deemed factual, they are denied. It is specifically denied that Plaintiff suffered damages.

258. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that the averments are deemed factual, they are denied.[1]

**PRAYER FOR RELIEF**

Denied that Plaintiff is entitled to any relief or damages.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. No act or omission on the part of the University was the legal cause of, or a substantial contributing factor to, Plaintiff's alleged injuries or damages.

3. Plaintiff has failed to mitigate damages, if any.

4. Plaintiff's recovery in this action may be barred, in whole or in part, by his own wrongful conduct.

5. The University acted in accordance with all applicable laws, practices, standards, and regulations.

6. Plaintiff's claim, in whole or in part, is barred to the extent that the claim or relief sought is moot.

7. The University hereby gives notice that it intends to rely upon other such defenses as may become available or appear during discovery proceedings in this case and reserves the right to amend this Answer and insert any such defense consistent with the Federal Rules of Civil Procedure.

[1] Paragraphs 259 through 265 are omitted from this Answer because they relate solely to Plaintiff's gross negligence claim, which the Court dismissed and which Plaintiff did not challenge on appeal. Accordingly, the University does not respond to those allegations.

**WHEREFORE** the University demands judgment in its favor, along with any other relief this Court deems just and proper.

Dated: October 5, 2026

**SAUL EWING LLP**

*/s/ James Keller*
James Keller, Esq.
Amy L. Piccola, Esq.
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1964
James.Keller@saul.com
*Attorneys for Defendant the Trustees of Princeton University*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify that he caused a true and correct copy of the foregoing to be served upon all counsel of record by way of the ECF Filing System on October 5, 2026.

*/s/ James Keller*
James Keller